UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

JANE KAO                                                    Case No. 15-31193-H3-13
    Debtor                                                  Chapter 13

EXPEDITED DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL
(Document No. 14)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The debtor, Jane Kao, files this Expedited Debtor's Motion to Vacate Order of Dismissal (Document No. 14) and would show the Court as follows:

NOTICE OF RIGHT TO REQUEST A HEARING

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

JURISDICTION

1. The authority for this motion is Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 59 of the Federal Rules of Civil Procedure and Rule 9023 of the Federal Rules of Bankruptcy Procedure.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and 157.  This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A).

FACTUAL BACKGROUND

2. The debtor filed this case on March 2, 2015. The case was dismissed on March 18, 2015 pursuant to the standard Order: Possible Future Dismissal of Case filed in this case on March 3, 2015 (Document No. 5).

3. The particular deficiency on which the dismissal is based is the filing of creditor matrix.

4. The debtor filed this case *pro se*. The debtor believed that the creditor matrix was due in fourteen days when the schedules and statements were due.

5. On March 16, 2015, the debtor went to the Clerk's intake office and filed the Debtor's Payment Advices or Certification (Document No. 9), the Statement of Social Security Number (Document No. 10), the Statistical Summary of Certain Liabilities (Document No. 11), Summary of Schedules and Schedules A thru J (Document No. 12) and the Statement of Financial Affairs (Document No. 13). On March 17, 2015, the debtor went to the Clerk's intake office and filed the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Document No. 15).

6. The debtor filed the creditor matrix with the Clerk of Court on either March 16th or March 17th when she filed the other documents. The debtor does not recall the exact date because she was not given a file stamped receipt for the filing. However, the Docket Sheet for this case reflects that the creditor mailing list was uploaded on March 18, 2015. The debtor believes, and so believing alleges, that she filed the creditor mailing matrix with the Clerk of the Court before the dismissal order was entered on March 18, 2015. The docket sheet reflects that the mailing matrix was uploaded by the Clerk on March 18, 2015 but apparently after the order of dismissal was entered.

### REQUEST FOR EXPEDITED CONSIDERATION

7. The debtor is currently a defendant in a pending lawsuit to partition non-exempt real property. A bankruptcy court has jurisdiction over such a proceeding pursuant to 11 U.S.C. Section 363. The debtor disputes the interest of the alleged co-tenant and the debtor needs to resolve the status of her bankruptcy filing so as to be able to proceed in the appropriate legal forum to determine the interests of the parties in the real property.

### RELIEF REQUESTED

8. The debtor, acting then as *pro se*, had a good faith belief that she timely complied with the filing of the required documents including the creditor mailing matrix. The debtor actually filed the creditor mailing matrix before the case was dismissed but it was not uploaded until after the case was dismissed. Indeed, the creditor mailing matrix was uploaded on the same day the case was dismissed.

9. Rule 59 of the Federal Rules of Civil Procedure, as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure, grants bankruptcy courts discretion to alter or amend an order or judgment. In exercising its discretion, the courts can consider whether reconsideration is necessary to correct manifest errors of law or fact upon which the order is based.

10. In this instance, the debtor has presented a reasonable explanation of the circumstances surrounding the dismissal of her bankruptcy case. Furthermore, she is now in compliance with the standard Order: Possible Future Dismissal of Case filed in this case on March 3, 2015 (Document No. 5).

11. Rule 60(b)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9024, provides that the court may relieve a party of a final order for inadvertence or excusable neglect.

12. As a *pro se* debtor, she was under the mistaken belief that when she filed the creditor mailing matrix it would be docketed before the case was subject to automatic dismissal. The debtor attempted to comply with the courts standard order but she did not fully understand the proper way to document the filing of the creditor mailing matrix.

13. Therefore, the debtor alleges that her actions in this regard were inadvertent and that the failure to timely file the creditor mailing matrix was excusable neglect.

14. The debtor believes, and so believing alleges, that it is in the best interests of the debtor, creditors and parties in interest to continue in this Chapter 13 case. The debtor further believes, and so believing alleges, that her creditors have not acted to their detriment on the reliance that his case has been dismissed.

WHEREFORE, PREMISES CONSIDERED, the debtor prays that the Court vacate the Order of Dismissal entered on March 18, 2015 in Document Number 14 and for such other relief as is just.

Respectfully submitted,

/s/David L. Venable

_____
David L. Venable
State Bar No. 20543700
Attorney for Debtor
12200 Northwest Fwy Suite 316
Houston, Texas 77092
(713) 956-1400
(713) 956-1404 (Fax)

# CERTIFICATE OF SERVICE

I, David L. Venable, certify that a true and correct copy of the

EXPEDITED DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL
(Document No. 14)

was served pursuant to Local Rule 9013-1(d) upon all creditors, the trustee, the United States Trustee, parties requesting notice, and parties in interest as set forth below, by the manner indicated, on March 31, 2015

    Respectfully submitted,

    /s/ David L. Venable

    _____
    **David L. Venable**     TBA#20543700
    Attorney for Debtor
    12200 Northwest Freeway, Suite 316
    Houston, TX  77092
    (713) 956-1400
    (713) 956-1404 FAX
    *David@dlvenable.com*

<u>All creditors by first class mail, postage prepaid:</u>
Bank of America, N.A.
PO Box 5170
Simi Valley, CA  93062-5170

County of Los Angeles
Treasurer and Tax Collector
PO Box 54018
Los Angeles, CA  90054-0018

Frank Salz
Salz & Salz
150 S. Los Robles Ave. Suite 910
Pasadena, CA  91101-2437

Harris County
Tax Assessor/Collector
PO Box 4622
Houston, TX   77210-4622

IRS/Special Procedure Branch
Attn:  BK Section
Mail Code 5024HOU
1919 Smith Street
Houston, TX   77002

IRS/Special Procedure Branch
PO Box 7346
Philadelphia, PA   19101-7346

J. Michael Kelly
Law Office of J. Michael Kelly
429 Santa Monica Blvd Suite 120
Santa Monica, CA   90401

<u>Debtor</u>:
Jane Kao
9374 Briar Forest Drive
Houston, TX   77063
    (by first class mail with property postage prepaid and properly addressed):

<u>Case Trustee</u> (by electronic notice):
William E. Heitkamp          By electronic mail to
Chapter 13 Trustee          heitkamp@ch13hou.com
9821 Katy Fwy Suite 590
Houston, TX   77024

<u>Parties Requesting Notice</u>:
None

<u>U.S. Trustee</u>:
515 Rusk Avenue, Suite 3516      By electronic mail to
Houston, TX   77002              USTPRegion07.HU.ECF@USDOJ.gov