IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JANE KAO, | § | CASE NO. 15-31193-H3-13 |
|     Debtor | § | (CHAPTER 13) |

### GARZA PROPERTIES LLC'S OBJECTION TO DEBTOR'S MOTION FOR VARIANCE OF THE UNIFORM CHAPTER 13 AND MODIFICATION FOR VALUATION OF COLLATERAL

1.  GARZA PROPERTIES, LLC d/b/a GARZA MALDONADO PROPERTIES, LLC ("Garza") files this Objection to Debtor's Motion For Variance Of The Uniform Chapter 13 And Modification For Valuation Of Collateral (the "Motion") because (i) the real property at issue is not property of the Debtor or the estate; (ii) to the extent any claims can be asserted such claims are couched in state law subject to state court adjudication; (iii) any claim the Debtor would have acquired is barred by *res judicata* or collateral estoppel; and, (iv) any claim subject to this Court's jurisdiction is barred by limitations.

**Supporting Facts.**

2.  The Debtor is Jane Kao f/k/a Jane Rashad (the "Debtor" or "Jane Rashad" or "Jane Kao")

3.  The Debtor previously filed the following cases:

(i)   Case No. 2010-34549-H3-11, filed on May 30, 2010; dismissed on November 15, 2011 (the "Chapter 11 Case");

(ii) Case No. 2012-31484-H3-7; filed on February 29, 2012; Debtor discharged on September 25, 2013 (the "Chapter 7 Case");

(iii) Adversary Case No. 10-03433; styled *Jane Rashad v. J. Michael Kelly, Garza Properties, LLC and Garza Maldonado Properties, LLC*; filed on September 19, 2010; closed August 5, 2011 (the "Garza Adversary"); and,

(iv) Adversary No. 2011-3507; styled *Jane Rashad v. Mark Rosetta*; filed on September 10, 2011; closed on December 7, 2011 (the "Rosetta Adversary")

4. The real property the subject of this objection is described as follows:

BEING LOT 6 IN BLOCK 13 OF BRAESWOOD, SECTION 1, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER VOLUME 9, PAGE 25, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS AND COMMONLY KNOWN AS 2341 MARONEAL STREET, HOUSTON, TEXAS, (the "Property").

5. On August 23, 1988, the Property was conveyed by deed to Mohammed Nabil Rashad and Jane Rashad (n/k/a/ Jane Kao) , recorded on August 29, 1988, under County Clerk's File Number L824164, recorded in the Real Property Records of Harris County, Texas.

6. On November 6, 2003, Mohamed Rabil Nashad and the Debtor, conveyed by deed the subject property to Debtor, as her sole and separate property, recorded on November 10, 2003, under County Clerk's File Number X176684 of the Real Property Records of Harris County, Texas.

7. On July 15, 2008, a Judgment on Reserved Issues of Attorneys Fees and Costs was recorded under County Clerk's File Number 2008 0371308 in the Real Property Records of Harris County, Texas, which awarded attorney's fees to Law Offices of J. Michael Kelly against Debtor.

8. On August 5, 2008, there was recorded an Abstract of Judgment in favor of Law Offices of J. Michael Kelly, against Jane Rashad aka Jane Kao, in the amount of $79,671.83 under County Clerk's File Number 2008 0409574 in the Real Property Records of Harris County, Texas.

9. On January 23, 2009, there was recorded an Abstract of Judgment in favor of Mohammed Nabil Rashad, against Debtor, in an unstated amount under County Clerk's File Number 2009 0028923 in the Real Property Records of Harris County, Texas.

10. On February 10, 2009, there was recorded a Charging Lien in favor of Law Office of Michael Kelly a/k/a J. Michael Kelly, against Mohammed Nabil Rashad, in the original principal amount of $300,000.00, the payment of which appears to be secured by the Property, although this is not admitted by Garza.

11. On May 7, 2009, the Court Clerk of the Superior Court of the State of California, for the County of Los Angeles, by the Court's order in Case No. 392 871, executed a Grant Deed of the Property from and on behalf of the Debtor to Mohammed Nabil Rashad and the Debtor, as Tenants in Common, under County Clerk's File Number 2009 0193641 of the Real Property Records of Harris County, Texas.

12. On November 20, 2009, there was recorded an Abstract of Judgment in favor of the Law Office of J. Michael Kelly against Jane Rashad aka Jan Kao and Mohammad Nabil Rashad, in the amount of $350,000.00, under County Clerk's File Number 2009 0539823 in the Real Property Records of Harris County, Texas.

13. On March 2, 2010, a Special Warranty Deed from Jane Rashad, a single person to Mark Rosetta was recorded under County Clerk's Number 20100079328 of the Real Property Records of Harris County.

14. On March 2, 2010, the Property was sold by Phil Camus, Constable Precinct 5, Harris County, Texas, who conveyed all the right, title and interest of Mohammed Nabil Rashad and Jane Rashad, in and to the subject property to Garza Properties, LLC, by Constable Sale under an Alias Writ of Execution and Order of Sale issued on December 21, 2009, by the Harris County District Clerk, in Cause No. 2008-46638, enforcing a domesticated judgment from Superior Court of California, County of Los Angeles, Case No. BD 392 871 singed June 17, 2008, all as set forth in the Constable's Deed dated March 5, 2010, and recorded on March 15, 2010, under County Clerk's File Number 2010 00098613 in the Real Property Records of Harris County, Texas (the "Constable's Deed"). Garza paid the amount of $157,000.00 to purchase the Property.

15. On September 22, 2010, Jane Kao f/k/a Jane Rashad, acting through her attorney of record in Bankruptcy Adversary Case Number 10-03433 filed a Notice of Lis Pendens recorded under Clerk's File Number 20100407209 of the Real Property Records of Harris County, Texas, referencing bankruptcy adversary Case Number 10-03433 that was then pending in the United States Bankruptcy Court Southern District of Texas Houston Division. On May 9, 2011, this Bankruptcy Court signed an Order abstaining from all issues in Adversary Case Number 10-03433 and also signed a Judgment in Case Number 10-34549-H3-11 that terminated the automatic stay to permit Garza to assert its rights against the Property in the pending state court lawsuit under Cause Number 2009-72907 in the 270th Judicial District Court in Harris County, Texas. This Notice of Lis Pendens has never been released of record by Jane Kao f/k/a Jane Rashad even though Jane Kao f/k/a Jane Rashad both have actual knowledge that Adversary Case Number 10-03433 is no longer pending in this Court.

16. On March 22, 2011, a Corrected Stipulated Judgment awarding the Property to Jane Rashad as her sole and separate property, signed by the Los Angeles Superior Court on February 4, 2010, was recorded under Clerk's File Number 20110115930 of the Real Property Records of Harris County, Texas.

17. On March 2, 2012, Kao caused a certified copy of her Voluntary Petition in her Chapter 7 Bankruptcy that was filed in this Bankruptcy Court on February 29, 2012 under Case Number 12-31484 to be recorded under Clerk's File Number 20120093115 of the Real Property Records of Harris County, Texas.

18. On February 15, 2012, in Cause Number 2009-27907, the 270th Judicial District Court in Harris County, Texas, signed an Interlocutory Default Judgment Against Mark Rosetta in Favor of Garza Maldonado Properties LLC d/b/a Garza Properties LLC (the "Interlocutory Judgment").

19. On April 4, 2012, Kao caused a Designation of Urban Homestead of Jane Kao to be recorded under Clerk's File Number 20120137996 of the Real Property Records of Harris County, Texas.

20. On April 20, 2012, in Cause Number 2009-27907B, the 270th Judicial District Court in Harris County, Texas, signed an Order Granting Motion to Sever Interlocutory Judgment and Making the Interlocutory Judgment a Final Judgment against Rosetta.

21. Rosetta sought an appeal of the District Court case 2009-72907B in the Texas Court of Appeal, First District ("Texas First Court of Appeals") under Case No. 01-12-01030-CV.

22. On May 16, 2013 the Texas First Court of Appeals in Case Number 01-12-01030-CV issued its Memorandum Opinion and its Judgment dismissing the appeal for want of

prosecution.

23. On August 2, 2013, the Texas First Court of Appeals in Case Number 01-12-01030-CV issued its Mandate. The time to file any additional pleadings in the Texas First Court of Appeals and the Texas Supreme Court has expired and no further state judicial action can be sought by Mark Rosetta or parties in privity with Mark Rosetta.

**Argument.**

*The real property at issue is not property of the Debtor or the estate*

24. On May 9, 2011 this Court rendered a Memorandum Opinion finding on March 2, 2010 the Debtor transferred the Property to Rosetta. Neither the Motion nor the Debtor's schedules state those facts changed. On and after March 2, 2010, legal title to the Property was in in Rosetta and not the Debtor. Rosetta was a party to the state court actions and was free to assert whatever defenses that Rosetta may have chosen to assert and the state court actions against Rosetta are now final for all purposes.

25. Debtor's Schedule A filed on March 16, 2015 list the Debtor's interest in the Property as "Contingent."

26. The claim to set aside the March 2, 2010 Constable's sale and Constable's Deed are state law claims and that belonged to Rosetta as the record owner of the Property at the time of the Constable's Sale to Garza. Rosetta did not transfer such claims to the Debtor and the Debtor never obtained any judicial determination that the Debtor was the owner of such claims at any time prior to the state court determinations that the Constable's Sale extinguished Rosetta's interests in the Property.

*To the extent any claims can be asserted such claims are couched in state law subject to state court jurisdiction*

27. Even assuming *arguendo* that the Debtor has a right to adjudicate the claim(s) such claim(s) are couched either in California or Texas in state law.

28. The Motion states various contingencies all couched in state law which will, again, support abstention by this Court.

*Any Claim the Debtor would have acquired is barred by res judicata or collateral estoppel.*

29. Even assuming *arguendo* the Debtor possess or could possess any claim to contest the March 2, 2010 Constable sale and the Constable's Deed those rights would be derivative of Rosetta's interests and, as such, would be subject to *res judicata* or collateral estoppel of the state law judgment which is not subject to further appeal.

30. Debtor is estopped from asserting any right derivative of Rosetta that has already been adjudicated in state court.

*Any such claim subject to this Court's jurisdiction is barred by limitations.*

31. Garza's title and claim to the Property emanates from Garza's purchase at the Constable's sale.

32. The Chapter 13 Debtor can claim no greater statutory power than a trustee. Pursuant to 11 U.S.C. §548(a)(1) a 2 year limitation governs the Trustee's avoidance powers.

33. Pursuant to 11 U.S.C. §544(b)(1) a claim under §24.001, *et seq.,* Tex. Bus.& Com. Code more commonly referred to as the Texas Uniform Fraudulent Transfer Act ('TUFTA") would grant the trustee a 4 year limitation. That TUFTA limitation has run.

34. Debtor previously filed the Rosetta Adversary; however, failed to prosecute same

to judgment (Docket #6).

35. Debtor's claims are barred by limitation.

**Conclusion**

36. The Debtor's Motion is premised upon contingent state law claims which are stale; subject to *res judicata* or collateral estoppel; or, have substantial substantive and procedural issues that preclude a Chapter 13 based upon same, and, therefore, do not support modification of the standard Chapter Plan. Garza prays this Court deny the Debtor's Motion and for such other and further relief to which Garza may be entitled.

Respectfully submitted,

*/s/ Richard A. Battaglia*
Richard A. Battaglia
SBN 01918058
SDIN 8713
P. O. Box 131276
Houston, Texas 77219-1276
713.521.3570 – Telephone
713.521.3573 – Telecopier
rab@rabpc.com

Attorneys For Garza Properties, LLC d/b/a
Garza Maldonado Properties, LLC

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served this date upon all parties in interest pursuant to the Federal Rules of Bankruptcy Procedure via either electronic transmission or United States mail on this the 4th day of May 2015.

The Debtor:
Jane Kao a/k/a Jane Rashad
9374 Briar Forest Drive
Houston, TX 77063

Attorney for Debtor:
David Venable

12200 North West Freeway
Suite 316
Houston, TX 77092
david@dlvenable.com

Chapter 13 Trustee:
William E. Heitkamp
Chapter 13 Trustee
9821 Katy Freeway Suite 590
Houston, TX 77024
heitkamp@ch13hou.com

U.S. Trustee:
515 Rusk Avenue, Suite 3516
Houston, TX 77002
USTPRegion07.HU.ECF@USDOJ.gov

                         */s/ Richard A. Battaglia*
                         Richard A. Battaglia