IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JANE KAO, | ) | CASE NO. 15-31193-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

ENTERED
09/11/2015

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Disqualify Counsel" (Docket No. 59) filed by Mark Rosetta, pro se. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jane Kao ("Debtor") filed the voluntary petition in the instant Chapter 13 case on March 2, 2015. Prior to the instant case, Debtor was the debtor in Case No. 10-34549-H3-11, and in Case No. 12-31484-H3-7.

During Case No. 12-31484-H3-7, Garza Properties LLC filed a motion for relief from stay, seeking annulment of the stay, inter alia, in order to validate orders entered by a state court in a proceeding to which Debtor and Mark Rosetta (who is

Debtor's son), as well as J. Michael Kelly, were parties. (Docket No. 35, Case No. 12-31484-H3-7).  The motion for relief from stay was set for a preliminary hearing on August 15, 2012, and for a final hearing on September 12, 2012.

      Rosetta testified, at the hearing on the instant motion, that both he and Kelly assert an interest in real property located in Texas and California.

      Rosetta testified that he sought counsel to represent him with respect to the motion for relief from stay.  Rosetta testified that he telephoned Leonard Simon, of the firm of Pendergraft & Simon, LLP, on September 10, 2012.  He testified he discussed with Simon the motion for relief from stay, and disputes regarding ownership of property which was the subject of the underlying state court litigation.

      Rosetta testified that he went to the office of Pendergraft & Simon, LLP, on September 11, 2012.  He testified that he met with Robert Pendergraft on that date.  He testified that he discussed with Pendergraft the motion for relief from stay, and disputes regarding ownership of property which was the subject of the underlying state court litigation.

      Rosetta testified that Pendergraft & Simon, LLP requested a fee of $2,000 to represent him with respect to the motion for relief from stay.  Rosetta's telephone records reflect a 28 minute call to the firm's main telephone number on September

10, 2012.  (Rosetta Exhibit 3).  Rosetta's email of September 10, 2012 reflects that he stated to another attorney that Simon had quoted him a fee of $2,000.  (Rosetta Exhibit 2).

Rosetta testified that he did not pay the fee, and Pendergraft & Simon, LLP did not represent him with respect to the motion for relief from stay.  The court finds that Rosetta's testimony was credible.

In the instant case, William P. Haddock, an attorney with Pendergraft & Simon, LLP, filed a notice of appearance on behalf of J. Michael Kelly.  (Docket No. 48).

In the instant motion, Rosetta seeks disqualification of Haddock and the firm of Pendergraft & Simon, LLP, on grounds of his prior consultation with the firm.

Both Simon and Pendergraft testified that they do not recall having spoken on the telephone or met with Rosetta.  The court finds their testimony credible, but not probative on the question of whether they met with Rosetta.

## Conclusions of Law

Rule 1.05(b)(1) of the Texas Disciplinary Rules of Professional Conduct, V.T.C.A., Govt. Code T. 2, Subt. G App. A, Art. 10, § 9 ("TDRPC") provides (with exceptions not pertinent to the instant case) that a lawyer shall not knowingly reveal confidential information of a client or former client to anyone other than the client, client's representatives, or members,

associates, or employees of the lawyer's law firm.

TDRPC 1.05(b)(3) provides that a lawyer shall not use confidential information of a former client to the disadvantage of the former client unless the former client consents after consultation.

Comment 1 to TDRPC 1.05 indicates that a lawyer is required to preserve confidential information of one who has sought to employ the lawyer.

TDRPC 1.09(a)(2) provides that, without prior consent, a lawyer who has formerly represented a client shall not represent another person in a matter adverse to the former client if the representation in reasonable probability will involve a violation of Rule 1.05.

The court has found credible Rosetta's testimony that he provided confidential information to the lawyers of Pendergraft & Simon, LLP. Additionally, if a lawyer works on a matter, there is an irrebutable presumption that the lawyer obtained confidential information during the representation. <u>In re Columbia Valley Healthcare System, L.P.</u>, 320 S.W.3d 819, 824 (Tex. 2010). The firm's representation of Kelly in the instant case thus violates TDRPC 1.09(a)(2). The court concludes that the instant motion to disqualify should be granted.

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Disqualify Counsel" (Docket No. 59) filed by Mark Rosetta.

Signed at Houston, Texas on September 11, 2015.

*[Signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE