IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| JANE KAO f/k/a JANE RASHAD, | ) CASE NO. 15-31193-H3-13 |
| Debtor | ) |

ENTERED
12/21/2015

MEMORANDUM OPINION

The court has held an evidentiary hearing on "J. Michael Kelly's Motion for Relief from the Automatic Stay Regarding Non-Exempt Property" (Docket No. 67). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jane Kao ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 2, 2015. Debtor filed the instant Chapter 13 case after a previous Chapter 11 case, Case No. 10-34549-H3-11, was dismissed, and after she received a discharge in a previous Chapter 7 case, Case No. 12-31484-H3-7. J. Michael Kelly, Movant, seeks to lift the automatic stay to continue prosecution of the lawsuit styled, *J. Michael Kelly v.*

*Jane Rashad a/k/a Jane Kao, et al.*, No. BC558690, pending in the Superior Court of Los Angeles County, California.  J. Michael Kelly and Jane Kao, Debtor, have been involved in litigation with each other for many years.  Part of the litigation involves real property located in the city of Los Angeles[1] in which Movant claims an undivided 50 percent ownership interest.  Kelly, who represented Debtor's former spouse, Dr. Mohammed Rashad, in a divorce proceeding, asserts that he acquired Dr. Rashad's undivided 50 percent interest in the property at a foreclosure sale conducted on April 29, 2010, pursuant to liens for payment of his attorney fees.  Debtor has asserted that the liens are unenforceable and that the foreclosure was void.

Debtor previously raised some of the same arguments for avoidance of the asserted property interest or liens in two adversary proceedings, one filed during her prior Chapter 11 case, Adv. No. 10-3362, and one filed during the instant case, Adv. No. 15-3114.  As to Adv. No. 10-3362, reference of the adversary proceeding to the bankruptcy court was withdrawn.  Docket No. 50, Adv. No. 10-3362.  Thereafter, the adversary proceeding was dismissed, in light of the dismissal of the Chapter 11 case.  Docket No. 10, C.A. No. 4:11-cv-2901.  As to

---

[1] The real property is described as: 2460 Aaron Street, Lot 45 of Tract No. 38078, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 988, Pages 4 to 11 inclusive of Maps, in the Office of the County Recorder of Los Angeles County, California.

Adv. No. 15-3114, the court dismissed Debtor's claim based upon section 363(h) of the Bankruptcy Code and abstained from consideration of the remaining claims.  Docket Nos. 13 and 14, Adv. No. 15-3114; Movant's Exhibit No. 7.

Debtor opposes lifting the stay.  Debtor claims she is unable to obtain affordable counsel in California to represent her, and that the interests of the bankruptcy estate can be promptly and economically adjudicated in the bankruptcy court.

The issues to be addressed are predominately issues of California state law and are remote to the main bankruptcy case.  The real property is located in California.  Movant's Exhibit No. 2; Testimony of Debtor.  The 2008 divorce of Debtor and Rashad was obtained in California and the divorce documents were executed there.  Testimony of Debtor.  The foreclosure of the property took place in California.  Testimony of Debtor.  In November 2009, after participating in a mediation conference, Rashad, Debtor, and Movant entered into a settlement regarding the attorney's fees and the property, all of which took place in California.  Testimony of Debtor; Movant's Exhibit No. 5.  State court proceedings addressing the issues commenced in California and are currently pending.  Movant's Exhibit No. 6.  The California state court is fully empowered and competent to address and resolve these issues.

Debtor testified that she is not opposed to, and her

proposed plan provides for, selling the property subject to the proceeds being disbursed after resolution of the issues between her and Movant. Movant's Exhibit No. 4. Movant resides and practices law in California. When balanced against the Debtor's financial hardship (Debtor now resides in Houston, Texas), the court finds the relative hardship to be evenly balanced. The court notes that Debtor filed another adversary proceeding, Adv. No. 15-3211, on August 24, 2015, again contesting Movant's claim and the validity of the underlying liens and the resulting sale to Movant.

The court has determined that there is cause to lift the stay, to permit Movant and Debtor to present their respective evidence and arguments with respect to the merits of the underlying dispute to a court of competent jurisdiction in which a suit is already pending.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if--

>>(A) the debtor does not have an equity in such property; and
>>
>>(B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

>Section 362(g) of the Bankruptcy Code provides:
>
>(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>>(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>>(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997). Allowing a matter to proceed in another forum may constitute cause. *In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990). The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. *In re Atlantic Ambulance Associate, Inc.*, 166 B.R. 613 (Bankr. E.D.Va. 1994).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court,

the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  *In re Namazi*, 106 B.R. 93 (Bankr. E.D. Va. 1989).

Not all factors may be relevant to each case.  Further, the decision to lift the stay may be upheld on judicial economy grounds alone.  *See In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing *In re Kemble*, 776 F.2d 802, 907 (9th Cir. 1985).

The court concludes that Debtor has not met her burden of proof in opposing relief from stay.

Based on the foregoing, a separate Judgment will be entered granting J. Michael Kelly's Motion for Relief from the Automatic Stay.

Signed at Houston, Texas on December 21, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE