

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | * | |
| JANE KAO | * | CASE NO. |
| fka JANE RASHAD | * | 15-31193-H3-13 |
| | * | |

## Motion to Reconsider Court's Permission to Lift Bankruptcy Stay

To the Honorable Judge Paul:

On December 21, 2015, the court entered a Judgment granting Kelly's motion for Relief from the Automatic Stay citing Judicial Economy grounds.

Movant requests the court reconsider its position due to the error that Los Angeles Superior court is actually the least economic and yet most prejudicial forum to the bankruptcy estate. It appears the opposite conclusion was perhaps a result of not considering the totality of pending litigation and facts related to, having not be briefed.

This court has jurisdiction to hear this motion under BRCP 9023 and 9024, or in the alternative by its power to reinstate the stay.

Judicial Economy Background

Debtor's and by extension the bankruptcy estate's disputes require resolution of multiple torts by Lift Stay Movant, Kelly, spanning two state's jurisdictions and clouded title to two properties in those two states by the one tortfeasor.

Federal Courts are sole forum situated for resolution in expedient, economic and just manner

The only courts with indisputable jurisdiction over all parties, disputes, and property is a Federal Circuit Court, or if by reference the Bankruptcy Courts.  Venue is proper in SDTX as tortious conduct occurred in Harris County within the district, as well as the Bankruptcy case is currently pending in the district, location of major properties is within the district, as is the domicile and physical residence of the debtor.

Generally speaking, the majority of bankruptcy parties only connection to California would be the single California real property, as property of the estate, is situated there.

Parties to litigation who has previously appeared in SDTX Bankruptcy court is numerous and the most extensive when compare to the alternative forums:

- Garza Properties
- Kelly
- Kao
- IRS
- Trustees
- Harris County
- Los Angeles County
- Rosetta
- Salz

This alleviates the personal jurisdiction limitations the other potential forums are substantially hindered by.

Since the bankruptcy estate, contains real property in two different US states, each state court is thus lacking in rem jurisdiction to resolve the claims to title directly.  This limitation is once again not applicable to the SDTX courts having acquired in rem jurisdiction of all the realty through the [Federal] Bankruptcy Code.

The only courts with jurisdiction over all property of the estate is the SDTX Bankruptcy or SDTX District Courts.

Disadvantages to Los Angeles Superior Court as a forum of resolution

Los Angeles Superior Court moving forward will increase rather than decrease the procedural complexity.

Allowing CA case to proceed will create parallel cases, and thusly a race to judgment between multiple courts, some of which has already acquired the necessary jurisdiction.  Stern v Marshall most poignantly demonstrated how complex and expensive such a litigation posture would end.

Named Defendants to LASC:
- IRS
- Salz
- Kao
- Unknown Doe's

Parties who were properly served and appeared:
- None

The only service Kao, the debtor, may have been subject to would be attempted service by publication.  This is sadly a common attempt from Kelly's playbook.  Try to sneak something substantial by those affected and then litigate the propriety of the impropriety at high cost to non-lawyers and no-low cost to him.

Multiple Applications for default were requested by Lift Stay Movant after the Bankruptcy Petition was filed.  Only after defaults were entered, did Lift Stay Movant notify LASC of pending Bankruptcy and Stay.

Any defendant that were to appear in the proceeding at this juncture, of erroneous default, would be strongly prejudiced by ex-parte proceedings of unknown content. Unnecessary cost is required to resolve propriety of virtually every step and posture of this proceeding, where no merit has even yet to be considered. This prejudice affects the debtor, trustee, and all creditors except, the Lift Stay Movant, Kelly.

LASC is lacking personal jurisdiction of all defendants.
LASC is lacking in rem jurisdiction to the properties in Harris County, comprising approximately half to a third of the estate value.
LASC is lacking subject matter jurisdiction on torts that occurred in Harris County / against Harris County properties.

Even if personal jurisdiction of current defendants is acquired/corrected, Garza Properties could never be added to this suit, requiring the 2 courts in 2 states (and minimum two sets of lawyers for each party with an interest in both properties) while examining substantially the same issues. (Garza Properties has no minimum contacts to CA so will not be amenable to process or subject to their jurisdiction).

Any opinions emanating from LASC would not be on the merits, yet the amount in controversy comprises close to $1 million, being decided only on a default or procedural grounds.

Multiple parties to the bankruptcy are affected by the outcome, including the trustee, IRS and other creditors, yet have no counsel in California to represent their interests.  This would not be the case if the controversy is heard in SDTX or HCDC in Houston, TX.

Harris County District Courts comprise the next and 2nd best forum if Federal forums were excluded

Notwithstanding the best option which is resolution in a single Bankruptcy or Federal Circuit Court, the next best would be resolution in the Harris County District Courts, a court of equivalent general jurisdiction to the Los Angeles Superior Court.

Parties who have appeared in current HCDC proceeding:
- Kelly
- Kao
- Garza Properties

Parties named or previously appeared in other HCDC filings:

- Harris County
- Mohamed Rashad
- IRS
- Salz
- Rosetta

The first court to acquire personal jurisdiction of the parties pursing litigation is the SDTX courts and as such would lead to the quickest resolution.  Aside from that, the HCDC was the next court most contentious litigation parties appeared in.  LASC has the exact opposite characteristic, of still lacking personal jurisdiction which is correctable for some parties, but not for all parties.

Best Forum by Analysis of Substantive and Procedural Law

While the court was correct in indicating that California law is implicated, it didn't go far enough to consider that the California dispute necessarily flows through Texas and Bankruptcy Law first.

Bankruptcy Law:
Kelly in his LASC complaint, has requested damages for years and time periods when a SDTX Bankruptcy has been pending and a discharge entered.  The question of what was or not covered as part of the discharge is best answered by the court which entered it and requires the expertise of Judges versed in the Bankruptcy Code as in the Bankruptcy or Federal Circuit courts.  This is virtually identical to a dischargability complaint, something the Bankruptcy Court has first and primary jurisdiction if not duty to resolve.

Since Kelly rushed LASC to default during the Bankruptcy pendency, the affect and extent of the BK stay will now be an issue for a court to resolve, again best handled by Judges versed in the Bankruptcy Code as in the Bankruptcy or Federal Circuit court.

Texas Law:
Whether and the amount of debt owed during the California purported foreclosure, can only be determined after the propriety of the HCDC TX execution is determined having occurred prior, which is an issue of Texas law, best resolved by Texas Courts or Federal Courts in Texas.  Once the amount of remaining debt is fixed, which is analyzed under Texas Law, the remaining California issues may likely be trivial.

Conflicts/Choice of Law
With three bodies of law / jurisprudence necessary for proper analysis, Conflict of Laws and Choice of Laws concerns inherently abound.  This skill is more practiced by the Federal Courts having dealt with numerous States Laws simultaneously due to their Diversity Jurisdiction.

Hardship, Prejudice, and Prevailing on Merits Analysis

This court also indicated in dicta, that cause may be justified by a weighing of Hardship, Prejudice, and probability of Prevailing on Merits. The only admissible evidence presented at hearing however goes to the preservation of the stay, and were not controverted by any other evidence presented.

Hardship to Debtor and Estate / Creditors

Debtor's only residence in California is the property subject to dispute. When present in California, Kelly, repeatedly sends unknown threatening individuals to the property to harass occupants. Debtor and other family members do not feel safe when staying there, which hampers access to that court and justice. Additionally upon any occupancy, Kelly claims additional money is due.

Prejudice

Kelly is not prejudiced by continuation of the CA litigation stay because of there is simultaneous proceedings he's participating in that are further along.

Most parties to the Bankruptcy are however a foreign litigant to the California courts, creating a prejudice the Constitution and Congress sought to protect against by creating Diversity Jurisdiction in the Federal Courts.

When in front of California courts, Kelly often appears for himself at no cost, increasing the occurrences and chances of vexant and frivolous motions, to the extant one CA appeal court called his arguments non-sense.

Merits

Kelly presented no evidence they would prevail upon a trial of merits. The only evidence presented at hearing was by the debtor Kao, who testified regarding the factual and legal defects of Kelly's case.

## Table View

Another way to view the how the issues could be efficiently adjudicated, and how they currently are not, can be seen the following table.

**Texas Property / Torts**

|  | Federal | Texas State Court (HCDC) |
|---|---|---|
| **Federal** | 1st Most Efficient<br><br>Single counsel per party that practices before the SDTX BK/Federal Courts<br><br>1  Single Judge<br><br>0 Juries *<br><br>* Right to Jury Trial was waived when movant filed Proof of Claim, and submitted themselves to equitable jurisdiction of Bankruptcy Court and Judge.<br><br>Abreviated Appeal timelines beneficial | 2nd Most Efficient<br><br>Single counsel per party or max 2 for Federal vs State litigation expertise<br><br>2 Judges needed<br><br>1-2 Juries |
| **California State Courts (LASC)** | Next Least Efficient<br><br>2  Minimum Counsel - Bankruptcy Counsel - California Counsel<br><br>2 Judges needed<br><br>1-2 Juries | Least Efficient<br><br>2-3 Counsel per party - Bankruptcy Counsel - California Counsel - Texas Litigation Counsel<br><br>3 Judges<br><br>2 Juries<br><br>3 cases leads to an combinatorial potential for Appelate uncertainty, delaying closing of the case. |

*(Handwritten in left margin: CA PROPERTY + TORTS)*

WHEREFORE, Movant prays for an order continuing the Bankruptcy Automatic Stay against Kelly and Los Angeles Superior Court continuing Case# BC558690, and for such additional or alternative relief as may be just and proper.

DATE: _1/4/2016_     Signed by: _____

MARK Rosetta Movant in Propria Persona
9374 BRIAR FOREST DR
HOUSTON TX 77063
646-403-4343
MARKED@GMAIL.COM